## LACOSTE, for the use &c. v. HARPER et al., Executors.

*Though a bill was accepted for the accommodation of the drawer, yet if he have funds in the hands of the acceptor at maturity, though insufficient to pay the whole amount of the bill he is entitled to notice of dishonor. It is not enough to relieve the holder from the necessity of giving notice, that the acceptance was for the accommodation of the drawer; there must be something equivalent to an express agreement to waive notice.*

APPEAL from the District Court of Concordia, *Mayo*, J. *Shaw, Stacy* and *Sparrow*, for the plaintiff, cited Story on Bills, ss. 310, 312. Bailey on Bills, 302. *T. P. Farrar*, for the appellants, cited *Bloodgood* v. *Hawthorn*, 19 La. 128. 12 Rob. 231. The judgment of the court was pronounced by

SLIDELL, J. This action is brought to recover from the succession of *R. L. Smith* the amount of a protested bill of exchange for $2,277, dated Natchez, 11th October, 1836, drawn by the deceased on *Brander*, *McKenna* and *Wright* of New Orleans, and by them accepted, payable fifteen months after date, in favor of *William Harris*, and by him endorsed. It is credited with $600, paid by the acceptors on the 10th August, 1838.

This case was before the Supreme Court some years since, and is reported in 12 Rob. 232. It was then held that *Smith* was not duly notified of the protest for non-payment. But, under the evidence then presented, the court was of the opinion that the drawer was not entitled to notice. The bill was considered purely as an accommodation bill; and, although it appeared that, in 1836 and 1837, the relation of planter and factor had existed between *Smith* and *Brander*, *McKenna* and *Wright*, the court considered it as proved that he had no funds in their hands at the maturity of the draft, although he had undertaken to provide funds. The court also observed that, it had not been shown that the commercial dealings between them were kept up to the maturity of the bill, so as to justify or render probable the expectation that they might possibly have any funds belonging to him to any amount. The court, therefore, concluded that the drawer was not discharged for want of notice, but remanded the cause

LACOSTE
v.
HARPER.

mainly on account of a plea of prescription, which was first set up in that court. In doing so, however, the whole case was left open, as was expressly stated.

At the second trial an account was offered in evidence by the plaintiff which establishes the fact that, on the 1st July, 1837, there was a balance in the hands of *Brander*, *McKenna* and *Wright*, to the credit of *Smith*, of $883 24. In this account the acceptance of this bill of $2,777 77, then not due, is both debited and credited, and, at the foot of the account, after striking the cash balance of $883 24 in favor of plaintiffs, as of 1 July, 1837, is added a memorandum: To amount draft outstanding, due 24 January, 1838, $2,277 77. So that there were on that day funds in the hands of the drawees to the amount of that balance, which, if not subsequently absorbed, would go, *pro tanto*, towards paying the bill. There is nothing before us to authorize the belief that this fund of $883 24 was withrawn before the bill matured. On the contrary, the plaintiff has produced a witness who states that, on behalf of *Brander*, *McKenna* and *Wright*, he presented this very account to *Smith*, in December, 1840, or January, 1841.

We are not aware of any authority, extending the exemption of the necessity of notice, to cases where the drawee had funds in his hands at the maturity of the bill. Even if the funds be insufficient to cover the bill, the drawer is entitled to notice of dishonor. To relieve the holder from the duty of notice in such a case, we should require something equivalent to an express agreement to waive notice. It certainly is not enough to show that, in its inception, the bill was accepted for the accommodation of the drawer. Story on Bills, § 311. Chitty, 478.

We do not wish, however, to be considered as saying that we regard this bill as having been, in its inception, purely an accommodation bill. The drawees were the factors of the drawer, a cotton planter. It seems that shipments of cotton were made by him before and after this bill was drawn; and, on the other hand, several remittances were made, by them to him, of plantation supplies. An interest account was kept, commissions were charged, and the case presents the usual features of the relation of planter and factor.

Evidence was offered to prove acknowledgments of his liability by *Smith*, and promises to pay after the maturity of the bill. This testimony is, in many respects, loose, is not free from inconsistency, and as a whole. is unsatisfactory to our minds, and has left us in doubt as to the true merits of this cause. But as it appears to have produced conviction in the mind of the district judge, we have determined to remand the cause for a new trial, and will leave the whole case open.

Judgment reversed, and cause remanded for a new trial; the appellees paying the costs of the appeal.